No.  89-415

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990


JOSEPHINE M. DIEMERT,

                    Petitioner and Appellant,

        -vs-

STATE OF MONTANA, DEPARTMENT OF LABOR
AND INDUSTRY, and MONTANA DEACONESS
MEDICAL CENTER, a Montana corp.,

                    Respondent and Respondent.


APPEAL FROM:    District Court of the Eighth Judicial District,
                In and for the County of Cascade ,
                The Honorable Thomas M. McKittrick, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Daniel Donovan, Great Falls, Montana
                Lawrence A. Anderson, Great Falls, Montana


        For Respondent:

                David A. Scott, Dept. of Labor & Industry, Helena,
                Montana
                Neil E. Ugrin and Nancy P. Cory, Great Falls,
                Montana


                        Submitted on Briefs:   Jan.  11, 1990

                                Decided:   March 20, 1990

Filed:

                                Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Appellant, Josephine Diemert, filed a petition for judicial review of an unemployment claim she had against the Department of Labor and Industry ("DLI") and the Montana Deaconess Medical Center ("Deaconess"), in the District Court for the Eighth Judicial District, Cascade County. On December 12, 1986, DLI moved to dismiss the petition for judicial review based on failure to prosecute, pursuant to Rule 41(b),M.R.Civ.P.

On December 17, 1986, the District Court issued an order setting a hearing for the motion to dismiss and scheduled it for January 29, 1987. On December 31, 1986, DLI withdrew its motion to dismiss. Nonetheless, the District Court entered an Order of Dismissal on January 6, 1987. However, neither party was served with notice of the order and consequently proceeded as though the matter was pending. Diemert appeals. We reverse.

The sole issue for our review is whether the District Court erred in dismissing the case?

This action initially arose as a wrongful discharge action after appellant was fired from her job at Deaconess for allegedly slapping a patient. She was also denied unemployment benefits. She filed her complaint on October 24, 1985. On December 12, 1986, DLI moved to dismiss for failure to prosecute, pursuant to Rule 41(b), M.R.Civ.P. On December 31, 1986, DLI withdrew its motion to dismiss based on an agreement between counsel for appellant and Deaconess that this claim would be held in abeyance until

2

resolution of a companion case. However, on January 6, 1987, the District Court entered an Order of Dismissal. Neither party was served with notice of the dismissal. Then, on January 13, 1988, the District Court, ignoring its own Order of Dismissal, held a hearing regarding disputed discovery. Both parties proceeded with discovery unaware of the purported dismissal. Finally, in May, 1989, counsel for respondent discovered the Order of Dismissal while reviewing the District Court file. Appellant then moved for relief from the January 6, 1987, order pursuant to Rule 60, M.R.Civ.P.

The court ordered a hearing to be held on appellant's motion on June 29, 1989. The hearing date was postponed until July 27, and then until September 14. However, the hearing was never held, and the District Court did not act on the motion. The motion was deemed denied under Rule 60(c). Appellant filed this appeal from the District Court's dismissal.

In it's December 12, 1986, motion to dismiss for failure to prosecute, DLI relied on Rule 41(b), M.R.Civ.P., which states:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . .

Rule 41(b) further provides that unless otherwise specified, a dismissal under this subsection operates as an adjudication upon the merits. DLI maintained that appellant had taken no action to move the case forward since October 24, 1985. Deaconess did not join in DLI's motion.

We first point out that Rule 41(b) provides the District Court

3

no basis for a discretionary dismissal after the motion to dismiss had been withdrawn. Thus, since DLI withdrew it's motion one week before the District Court's purported Order of Dismissal, the dismissal was not authorized under Rule 41(b). We have reviewed the record and found no other basis for dismissal.

Under Rule 60(b), M.R.Civ.P., the District Court may relieve a party or his legal representative from a final order or proceeding for mistake or inadvertence, or any other reason justifying relief from the operation of the order. Deaconess maintains that appellant's motion to vacate the dismissal was not timely made, and thus the dismissal was proper. We disagree. Rule 60(b) sets forth specific time periods in which a motion shall be made. In this case none of the time periods were met. However, the last sentence of Rule 60(b) is controlling here.

Rule 60(b) provides:

> The motion shall be made within a <u>reasonable time</u> . . . and for [mistake, inadvertence, surprise, or excusable neglect] when a defendant has been personally served, whether in lieu of publication or not, not more than 60 days after the judgment, order or proceeding was entered or taken. . . This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, <u>or to grant relief to a defendant not actually personally notified as may be required by law</u> . . . (emphasis added).

First of all, appellant was not notified of the January 6, 1987, order. In fact, both parties proceeded with the case as if DLI's motion had been denied. The District Court even held a discovery hearing in January, 1988, one year <u>after</u> its purported dismissal. When counsel for Deaconess discovered the purported Order of Dismissal in the trial court file in May of 1989, appellant,

4

pursuant to Rule 60, moved for relief within 30 days from the date of such discovery.

We conclude that the District Court's Order of Dismissal pursuant to Rule 41(b) was either a mistake or inadvertent as contemplated by Rule 60(b), and that the appellant was not actually personally notified, so she was entitled to relief under that rule. We hold that the District Court erroneously refused to set aside the Order of Dismissal. We therefore set aside the Order of Dismissal and remand this case for further proceedings consistent with this opinion.

Justice

We Concur:

Chief Justice

Justices

5